[Crim. No. 5136.   Second Dist., Div. One.   June 14, 1954.]

THE PEOPLE, Respondent, v. FRANK WILLIAMS et al., Defendants; LILLIE MAE MILLER, Appellant.

Cletus J. Hanifin for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant Mae Miller was charged by information "with the crime of possession of heroin in violation of Section 11500 of the Health and Safety Code." A jury returned a verdict of guilty. Defendant Frank Williams pleaded guilty. A motion for a new trial was denied and defendant Miller appeals from the judgment.

Appellant contends, in substance, that the evidence is insufficient to support the verdict, in other words, as recited in appellant's brief, "Based upon the evidence presented by the prosecution in this case, we respectfully submit that the prosecution has not sustained the burden of proof and that the verdict of the Jury must be set aside on the ground that

it is prejudicial and against the weight of the evidence and that there was no substantial evidence to warrant such a finding." It is also contended that, "The Court was guilty of misconduct in that the Court definitely attempted to convey to the Jury, an impression that the Court believed the defendant guilty."

The record reveals that "for ten or fifteen minutes immediately prior to the arrest, the officers had observed Mrs. Miller and Mr. Williams through the window in the bedroom of the apartment.

"Officer Rock testified that when he observed Mrs. Miller she was seated facing a dressing table with her back to him. He could see her head, her shoulder and her side. Defendant Williams was to her right facing her. The officers observed defendant Williams folding pieces of small white paper.

"After placing Mrs. Miller and Mr. Williams under arrest, Officer Rock turned and observed a small pile of brownish powder on the dressing table together with some implements. There was a small spoon, a dinner knife, a hairpin and some white paper squares. The powder that was on the dressing table was lying loose. There were also 28 white paper bindles on the dressing table which contained a brownish powder.

"Shortly thereafter, the officers discovered, and Mr. Williams pointed out, a brown paper bag. The bag was between the window and the table upon which the powder was found. At the time Williams pointed to the bag, he said, 'There is the bag, that is all the stuff there is in the room, you have got it all now, . . .' On examining the bag, the officers found inside 157 paper bindles made of white paper containing a brownish powder. At that time also Mr. Williams stated, 'All of this stuff belongs to me, none of it belongs to her'—indicating the defendant, Miller,—'she was just putting them in the bag and counting them for me.' "

In part, appellant Miller testified and "denied that she had handled the papers or powder. She said that she had arrived at the apartment sometime around 10 o'clock that evening and she saw that Williams was papering up this powder. She admitted that he told her that he was papering up heroin. Mrs. Miller then said the reason she did not leave was because he had taken the keys to her car. She admitted thereafter sitting at the table where defendant Williams was papering the heroin. She also admitted that he asked her to count the papers and put them in the bag but that she refused."

The testimony reveals also that, "Sergeant Howe told her that he had seen them both 'papering up' through the window, and she answered that she had not been papering up but that she was merely counting the papers and putting them in the bag. She stated that she had once previously helped Frank to paper up but that she put too much in the papers and he wouldn't let her do it any more." It was established that the brown powder was heroin.

Without going into further detail it is sufficient to note the record does not sustain appellant's contentions. That the evidence was sufficient, as a matter of law, to support the verdict there is no question. Nor is there a sufficient showing of judicial prejudice or misconduct.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.